UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REGINA C. HONEY, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>DIGNITY HEALTH, et al.,<br><br>    Defendants. | Case No. 2:12-cv-00416-MMD-GWF<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 22) |

## I.  SUMMARY

Before the Court is Defendant Dignity Health's ("Dignity") Motion to Dismiss.  (Dkt. no. 22.)  For the reasons stated below, the Motion is granted.

## II.  BACKGROUND

This is a suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), regarding an alleged violation of the Consolidated Omnibus Budget Reconciliation Act ("COBRA").  The case stems from Defendants' alleged failure to provide notice to Plaintiff Regina Honey regarding her right to the continuation of her and her children's (collectively, "Plaintiffs") health care benefits under Dignity's health insurance plan after Dignity dismissed Regina from employment at St. Rose Hospital in August 2010.  Regina asserts that she repeatedly sought the required notice from Dignity to no avail, and that this resulted in all Plaintiffs not receiving health and dental coverage.

Plaintiffs allege that as a result of Defendants' actions, Plaintiffs received multiple telephone calls and bills from numerous medical providers seeking payment for their services related to Lucas Honey's birth and follow-up care.  Plaintiffs further allege that they each suffered harm in the form of unpaid or unreimbursed medical expenses, lack of reasonable and necessary medical care, damage to Regina's credit score, and mental anguish.  Plaintiffs filed this ERISA action on March 13, 2012. (Dkt. no. 1.)  Defendant Dignity Health now moves to dismiss Plaintiffs' Complaint.  (Dkt. no. 22.)

### III.   DISCUSSION

#### A.   Legal Standard

On a 12(b)(6) motion, the court must determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir.2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations."  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."  *Id.* (citation and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

#### B.   Counts 1, 2, 4, and 5

Plaintiffs concede that the first two causes of action should be construed as a single cause of action for COBRA violations.  (Dkt. no. 25 at 3.)  As such, these claims

1  are dismissed without prejudice to Plaintiffs amending the Complaint to properly plead
2  this single cause of action.

3      Plaintiffs also concede that the fourth and fifth causes of action for interference
4  with protected rights and negligence are state law causes of action pre-empted by
5  ERISA. (Dkt. no. 25 at 3.) These claims are accordingly dismissed with prejudice.

6      **C.**    **Count 3: Breach of Fiduciary Duty**

7      Defendants argue that Plaintiffs' cause of action for breach of fiduciary duty lacks
8  merit because such a claim is only permitted where it is brought by the plan itself or
9  where there is a loss to the plan as a whole. Plaintiffs concede that this correctly states
10 the "general rule" but argue that they are entitled to equitable restitution under ERISA's
11 "catchall provision," 29 U.S.C. § 502(a)(3). (Dkt. no. 25 at 3 (*citing Varity Corp. v. Howe*,
12 516 U.S. 489, 508-10 (1996).) However, Plaintiffs' breach of fiduciary duty cause of
13 action is brought under 29 U.S.C. § 502(a)(2), not subsection (a)(3). (Dkt. no. 1 at ¶
14 102.) 29 U.S.C. § 502(a)(2) does not allow for individuals to bring claims for breach of
15 fiduciary duty. *Varity Corp.*, 516 U.S. at 490 (*citing Massachusetts Mut. Life Ins. Co. v.*
16 *Russell*, 473 U.S. 134, 141, 148 (1985).

17 **IV.**    **ATTORNEY'S FEES AND COSTS**

18     Defendant acknowledges that this Court has authority under 29 U.S.C. § 1132(g)
19 to award reasonable attorney's fees and costs to either party. However, Defendant
20 argues that to the extent that Plaintiffs' request for fees and costs is premised on claims
21 and damages not properly asserted under ERISA, such a request should be stricken.
22 (Dkt. no. 22 at 4.) After reviewing Plaintiffs' Complaint, it appears as if Plaintiffs request
23 fees and costs under the appropriate section of the ERISA statute. (Dkt. no. 1 at 18, ¶
24 6.) However, any decision on attorney's fees and costs would be premature before
25 resolution of the ERISA claim on the merits.

26 **V.**    **CONCLUSION**

27     Accordingly, IT IS ORDERED that Defendant Dignity Health's Motion to Dismiss
28 (dkt. no. 22) is GRANTED. Plaintiffs' first, second, and third claims for relief are

DISMISSED WITHOUT PREJUDICE. Plaintiffs' fourth and fifth claims for relief are DISMISSED WITH PREJUDICE.

Defendant's Request to Strike certain portions of Plaintiffs' demand for attorney's fees and costs (dkt. no. 22) is DENIED.

DATED THIS 5th day of March 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE