1
2
3
4
5          **UNITED STATES DISTRICT COURT**
6          **DISTRICT OF NEVADA**
7
8   REGINA C. HONEY, individually and as natural )
    parent of ADDISON M. HONEY, a minor, and )
9   LUCAS R. HONEY, a minor, *et al.*, )
10                          Plaintiffs, )          Case No.  2:12-cv-00416-LRH-GWF
                                        )
11  vs.                                 )          **ORDER**
                                        )
12  DIGNITY HEALTH, a California nonprofit )
    corporation, doing business as ST. ROSE )
13  DOMINICAN HOSPITAL – SIENA CAMPUS, )
    *et al.*, )
14                          )
                            Defendants. )
15  _____ )

16          This matter is before the Court on Defendant Dignity Health's Motion for Dismissal and

17  Monetary Sanctions (#72), filed on July 3, 2013.  Co-Defendant Payflex Systems, USA, Inc. filed a

18  Joinder to the Motion to Dismiss (#74) on July 8, 2013.  Plaintiffs filed their Response to Dignity

19  Health's Motion for Dismissal and Monetary Sanctions and Payflex's Joinder (#77) on July 31,

20  2013.  Dignity Health filed its Reply (#79) on August 12, 2013.[1]

21          This motion relates to an ongoing dispute between the parties regarding the scheduling of

22  the Plaintiffs' depositions.  After the motion was filed, Plaintiffs appeared for their depositions on

23  July 10 and 11, 2013.  Although a party's compliance with a discovery request after a motion to

24  compel or for sanctions has been filed does not excuse non-compliance with the discovery rules

25

26          [1] Because Defendant entitled its motion as a "Motion for Dismissal," the motion was treated by the
27  clerk's office as a dispositive motion for decision by the District Judge.  The motion therefore did not
    appear on the undersigned magistrate judge's CM-ECF motions report which would have directed his
28  attention to this matter.  The motion was not referred to the undersigned until December 10, 2013.  Counsel
    for the parties are encouraged to file motions brought pursuant to Rule 37 of the Federal Rules of Civil
    Procedure as "motions for sanctions."

1  prior to the motion, the Court concludes under the facts of this case that an award of sanctions is

2  not warranted.

3      Defendant seeks an award of sanctions pursuant to Rule 37(d) of the Federal Rules of Civil

4  Procedure which provides that the court may, on motion, order sanctions if a party fails, after being

5  served with proper notice, to appear for that party's deposition.  In *Koninklike Philips Electronics*

6  *N.V. v. KXD Technology, Inc.*, 2007 WL 3101248, at *18 (D.Nev. 2007), this court stated:

> The Ninth Circuit has strictly construed the language of Rule 37(d).
> *See Estrada v. Rowland,* 69 F. 3d 405, 406 (9th Cir. 1995) (holding
> that a party who physically appeared but refused to answer questions
> at deposition was not subject to Rule 37(d) sanctions because the rule
> applies only when a deponent literally fails to show up for a
> deposition session).  In *Gee v. City of Chicago Public Schools,* 2002
> WL 1559704 (N.D.Ill.2002), a *pro se* plaintiff refused to appear for a
> deposition.  Although Defendant agreed to postpone the deposition to
> give plaintiff more time to determine its propriety, plaintiff stated
> that she would not appear at any time.  Notwithstanding the plaintiff's
> expressed intent not to appear for a deposition at any time, the court
> held that plaintiff was not subject to Rule 37(d) sanctions for failing
> to appear at a deposition that did not actually go forward.  The court,
> instead, ordered plaintiff to appear for deposition and cautioned her
> that she would be subject to sanctions, including dismissal of her
> action, if she failed to appear.  In *In re Air Crash at Taipei Taiwan,*
> 2002 WL 32155477 (C.D.Cal.2002), the plaintiff moved for Rule
> 37(d) sanctions against an officer of the defendant who allegedly
> failed to appear for his deposition. The scheduled deposition did not
> take place on the date noticed, however, and the court found that
> there was an informal agreement that the deposition would not
> proceed while the defendant pursued legal remedies to overturn the
> court's order that the deponent appear for his deposition. Relying on
> *Estrada v. Rowland* and *Gee, supra,* the court held that plaintiff had
> failed to demonstrate that the witness actually failed to appear before
> the officer who was to take his deposition and that sanctions under
> Rule 37(d) were not proper.

21      Although Defendant noticed the Plaintiffs' depositions on several occasions, those

22  deposition dates were cancelled or postponed either by the Defendant's counsel, by Plaintiffs'

23  counsel or by Plaintiffs.  It does not appear that either Plaintiff actually failed to appear at a noticed

24  deposition and that Defendants' counsel proceeded with the deposition and made a record of their

25  nonappearance.  An award of sanctions pursuant to Rule 37(d) is therefore not available.  The

26  Court further finds that the delay occasioned by Plaintiffs' alleged conduct in  delaying the taking

27  of their depositions does not rise to the level of prejudice that would justify the imposition of the

28  severe sanction of dismissal.  Accordingly,

2

**IT IS HEREBY ORDERED** that Defendant Dignity Health's Motion for Dismissal and Monetary Sanctions (#72) and Defendant Payflex's Joinder to the Motion to Dismiss (#74) are **denied**.

DATED this 18th day of December, 2013.

_George Foley Jr._

GEORGE FOLEY, JR.
United States Magistrate Judge

3