1
2
3
4

# UNITED STATES DISTRICT COURT

5

## DISTRICT OF NEVADA

6
7   REGINA C. HONEY, individually and as natural                )
    parent of ADDISON M. HONEY, a minor, and                    )
8   LUCAS R. HONEY, a minor, *et al.*,                          )
                                                                 )
9                   Plaintiffs,                                  )    Case No.  2:12-cv-00416-LRH-GWF
                                                                 )
10  vs.                                                          )    **ORDER**
                                                                 )
11  DIGNITY HEALTH, a California nonprofit                       )    **Motion for Offset - #108**
    corporation, doing business as ST. ROSE                     )
12  DOMINICAN HOSPITAL – SIENA CAMPUS,                          )
    *et al.*,                                                    )
13                                                               )
                    Defendants.                                  )
14  _____                 )

15          This matter is before the Court on Defendant Dignity Health's Motion for Offset (#108)

16  filed on March 5, 2014.  Plaintiffs filed their Opposition to Defendant's Motion (#109) on March

17  21, 2014.  Defendant filed its Reply (#111) on March 31, 2014.  The Court conducted a hearing in

18  this matter on April 21, 2014.

19                                          **BACKGROUND**

20          Plaintiffs allege that Defendant Dignity Health (hereinafter "Dignity") terminated Plaintiff

21  Regina Honey's employment on June 22, 2010.  Plaintiffs further allege that following her

22  termination, Dignity failed to inform Ms. Honey that her and her family's health insurance benefits

23  ceased on June 30, 2010 and failed to notify or provide Plaintiff with the option to continue health

24  insurance coverage (COBRA) after a qualifying event occurs, such as termination for something

25  other than gross conduct as required by 29 U.S.C. §1161.  Plaintiffs allege that pursuant to 29

26  U.S.C. §1132(c), the Court is vested with the discretion to assess a civil penalty against any party

27  that fails to meet this statutory obligation in an amount not more than $110/day from the first day

28  that notice is delinquent until valid notice is finally made.  Each violation with respect to a single

1   participant shall be treated as a separate violation.  Plaintiffs thus allege that the Court may impose

2   separate civil penalties on Dignity with respect to each member of the Honey family.  *See*

3   *Plaintiffs' Motion for Summary Judgment (#88), pg. 2.*

4         The Plaintiffs also alleged claims for civil penalties under 29 U.S.C. § 1132(c) against

5   Codefendants Conexis Benefits Administrators and Conexis, LLP ("Conexis") and Payflex

6   Systems, USA, Inc. ("Payflex") based on their alleged failures to notify Plaintiffs of their COBRA

7   rights.  Conexis and Payflex have now been dismissed from this action with prejudice by

8   stipulation between Plaintiffs and the Codefendants.  *See Orders (#102) and (#105).*  Conexis

9   informed Dignity that it entered into a confidential settlement agreement with the Plaintiffs, but has

10  refused to provide Dignity with a copy of the settlement agreement or disclose the amount of the

11  settlement payment, if any, made to the Plaintiffs.  Payflex has refused to disclose to Dignity

12  whether it entered into a settlement agreement with the Plaintiffs or paid any money to Plaintiffs

13  pursuant to a settlement agreement.  Plaintiffs state in their opposition that they have entered into

14  confidential settlement agreements with both Conexis or Payflex.

15        Dignity alleges that it is entitled to an offset for any payments made to the Plaintiffs by

16  Codefendants Conexis or Payflex, and therefore seeks an order requiring Plaintiffs to produce the

17  settlement agreements and/or disclose the amounts paid to Plaintiffs by Conexis or Payflex in

18  exchange for the dismissal of the claims against them.  Plaintiffs argue that Dignity is not entitled

19  to an offset for any payments made to them by Conexis or Payflex, and therefore the settlement

20  payments made by Codefendants are irrelevant and the Court should not order production of

21  settlement agreements or disclosure of the settlement amounts.

22  **<u>DISCUSSION</u>**

23        Defendant Dignity has the initial burden to show that the settlement agreements and/or the

24  amounts of the settlements between Plaintiffs and Conexis and Payflex are relevant to its defenses

25  to Plaintiffs' claim and therefore discoverable.  *See Krause v. Nevada Mut. Ins. Co.*, 2014 WL

26  496636, *4 (D.Nev. 2014) ("The party seeking to compel discovery has the initial burden of

27  establishing that a request satisfies the relevancy requirements of Rule 26(b)(2).")  Relevancy under

28  Rule 26(b) is construed broadly.  *Id.*, citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340

2

(1978).[1]

Dignity argues that the payments received by Plaintiffs from the Codefendants are relevant because civil penalties or statutory damages awarded under 29 U.S.C. §1132(c)(1)(A) are, at least in part, intended to compensate the Plaintiffs for the injuries or harm they have suffered, and Plaintiffs should not recover damages greater than what is needed to fully compensate them. Plaintiffs argue, however, that the remedy provided by §1132(c)(1)(A) is a penalty which intended to punish a defendant and deter it from engaging in future violations. The amount of civil penalties paid by one defendant by way of judgment or settlement is therefore irrelevant to the determination of the civil penalties that should be imposed on a codefendant.

In support of their position, Plaintiffs rely on the Eighth Circuit's decision in *Starr v. Metro Systems, Inc.*, 461 F.3d 1036, 1040 (8th Cir. 2006) which states as follows:

> Under 29 U.S.C. §1132(c)(1)(A), an ERISA plan administrator "may in the court's discretion be personally liable" up to $100 per day from the date of his or her failure to comply with the notification requirements of 29 U.S.C. §1166(a)(4). The purpose of this statutory penalty is to provide plan administrators with an incentive to comply with the requirements of ERISA, *Kerr v. Charles F. Vatterott & Co.*, 184 F.3d 938, 948 (8th Cir. 1999), and to punish noncompliance, *Chesnut v. Montgomery*, 307 F.3d 698, 704 (8th Cir. 2002). In exercising its discretion to impose statutory damages, a court primarily should consider "the prejudice to the plaintiff and the nature of the plan administrator's conduct." *Kerr*, 184 F.3d at 948. Although relevant, a defendant's good faith and the absence of harm do not preclude the imposition of the § 1132(c)(1)(A) penalty. *Chesnut*, 307 F.3d at 703. We review the decision to deny statutory damages for an abuse of discretion. *Wilson v. Moog Auto., Inc. Pension Plan & Trust,* 193 F.3d 1004, 1010 (8th Cir. 1999).

Plaintiffs also cite *Van Hoove v. Mid-America Bldg. Maintenance, Inc.*, 841 F.Supp. 1523, 1537 (D.Kan. 1993) in which the court rejected the defendant's argument that a $10,000 settlement that plaintiff received from a codefendant should offset the defendant's liability under §1132(c)(1)(A). The court stated: "Had Corroon and Black, the plan administrator, remained in

---

[1] Discovery closed in this case months ago. Arguably, after Plaintiffs refused to informally produce the settlement agreements, Dignity should have moved to reopen discovery so that it could serve a request for production of the settlement agreements on Plaintiffs. The Court would have granted such a motion because the settlement agreements were only recently entered into between Plaintiffs and the Codefendants. Under the circumstances and in the interest of expeditious resolution of this dispute, the Court will overlook the procedural issues raised by Plaintiffs.

3

the case, the court would have had the discretion to penalize Corroon and Black up to $100 per day for its statutory violations.  It would be inappropriate to offset plaintiff's damages with a settlement amount that more closely represents a penalty than compensation for damages."  *Id.*

The Ninth Circuit's interpretation of the purpose of §1132(c)(1)(A), however, differs from that of the Eighth Circuit and the district court in *Van Hoove.*  In *Stone v. The Travelers Corporation*, 58 F.3d 434, 437-39 (9th Cir. 1995), the court was required to determine what statute of limitation governs claims under 29 U.S.C. §1132(c)(1)(A).  Because §1132(c) does not provide its own statute of limitations, the court was required to look to the most analogous state statute of limitations.  The district court applied California's one year statute of limitations for an action upon a statute for a penalty or forfeiture.  The Ninth Circuit concluded, however, that the three year California statute of limitations for an action upon a liability created by statute, other than a penalty or forfeiture should apply.  In so holding, the court relied on *Rivera v. Anaya*, 726 F.2d 564 (9th Cir. 1984) which held that the statutory damages remedy under the Federal Farm Labor Contractor Registration Act was not a penalty because the statute was intended to compensate plaintiffs in a situation where "'the damages may be obscure and difficult to prove.'"  *Stone*, 58 F.3d at 438, quoting *Rivera*, 726 F.2d at 567.  The fact that Congress provided for either actual or statutory damages did not detract from the fact that the provision for damages contemplated compensation, and not a penalty or punishment by the government.  *Stone* further noted that the wrong addressed by §1132(c)(1)(A) is substantially more private than public.  The wrong is the failure of the employer or the administrator to provide the plan beneficiary with the requested information.  The injury to the plaintiff is that he lacks information concerning "his own pension or severance rights." *Stone*, 58 F.3d at 438.  The court also relied on the fact that the remedy was sought by and payable to the plaintiff for his injury, and was not sought by the government to compensate for a public injury.  The court therefore concluded that "recovery of up to $100 per day provided to a participant or beneficiary by ERISA §1132(c) is not a 'penalty or forfeiture,' but is instead a remedy sought by an individual as compensation to address a private wrong."  *Stone*, 58 F.3d at 439.

In *Hamilton v. Sears Roebuck and Company*, 2008 WL 1901269 (D.Nev. 2008), the plaintiff asserted a claim under 29 U.S.C. §1132(c)(1)(A) based on the defendant's failure to

4

1    provide COBRA notification.  The district court found that the employer and the plan administrator

2    failed to provide the notice as a result of a computer error.  Due to this same error, the plaintiff

3    continued to receive health insurance coverage under her former employer's health insurance plan.

4    The court held that an award of statutory damages of $100 a day was too severe because the

5    defendant's mistake was inadvertent.  The court stated, however, that statutory damages could be

6    awarded if plaintiff could show that she suffered some actual injury or damage.  The Ninth Circuit

7    affirmed this decision in an unpublished memorandum, *Hamilton v. Sears Roebuck and Company*,

8    357 Fed.Appx. 25, 2009 WL 4884319 (C.A. 9 (Nev.)).  In holding that the district court did not

9    abuse its discretion in declining to award statutory damages, the court stated:

10   > The court's order left open the possibility Hamilton could have
11   > recovered had she been able to show her actual damages.  This
     > comports with §1132(c)(1)(A)'s primary purpose, to compensate
     > victims for damages due to lack of notification, *see Stone v.*
12   > *Travelers Corp.*, 58 F.3d 434, 438-39 (9th Cir. 1995), and Hamilton
     > does not allege any benefit to TGI, thus removing the need for a
13   > recovery for a deterrence purpose.

14        2009 WL 488319, at **1.

15        Given the Ninth Circuit's interpretation of §1132(c)(1)(A), the settlement payments that

16   Plaintiffs received from Conexis or Payflex are relevant to the Court's determination of the

17   statutory damages that should be awarded on Plaintiff's remaining §1132(c)(1)(A) claim against

18   Defendant Dignity.  This does not mean that Dignity is entitled to a complete offset for the amounts

19   Plaintiffs received in settlement from the other defendants.  *Stone* does not rule out that punishment

20   and deterrence are also legitimate purposes of an award under §1132(c)(1)(A).  Depending on the

21   facts, the Court may decide that an award of statutory damages against Dignity is appropriate,

22   notwithstanding that the amount of the award, combined with the payments made by the

23   Codefendants, exceeds the amount necessary to fully compensate Plaintiffs for their injuries.

24        Because the settlement payments that Plaintiffs have received from the Codefendants are

25   relevant to the assessment of statutory damages against Dignity, the Court must now decide

26   whether the interests of Plaintiffs, Conexis or Payflex in the confidentiality of their settlements

27   outweigh Dignity's interest in obtaining the information regarding the settlement amounts.  In

28   *Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D.Nev. 1993), the court stated that the public interest

favors judicial policies which promote the completion of litigation, the finality of prior suits and the

secrecy of settlements when desired by the settling parties.  The court further stated:

> Confidential settlements benefit society and the parties involved by resolving disputes relatively quickly with slight judicial intervention, and presumably result in greater satisfaction to the parties.  Sound judicial policy fosters and protects this form of alternative dispute resolution.  See, *e.g.* Fed.R.Evid. 408 which protects compromises and offers to compromise by rendering them inadmissible to prove liability.  The secrecy of a settlement agreement and the contractual rights of the parties thereunder deserve court protection.  *Flynn v. Portland Gen. Elec. Corp.*, 1989 WL 112802, 58 U.S.L.W. 2243, 50 Fair. Empl. Prac. Cas. (BNA) 1497 (D.Or. 1989) (party seeking discovery about previously settled case must identify specific information sought and why such information cannot be obtained another way; "the strong public policy favoring settlement of disputed claims dictates that confidentiality agreements regarding such settlements not be lightly abrogated").

*Id.*, 151 F.R.D. at 365.

*Kalinauskas* also noted, however, that contracts containing explicit guarantees of

confidentiality are not binding on persons who do not sign them and other interests or concerns

may outweigh the parties' interest in confidentiality.  *Id.,* 151 F.R.D. at 366-367.

Confidential settlement agreements are not entitled to presumptive protection against

disclosure to third persons.  In *Philips v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir.

2002), the court, citing *Hasbrouck v. BankAmerica Housing Serv.*, 187 F.R.D. 453 455 (N.D.N.Y.

1999) and *Kalinauskas v. Wong, supra*, stated that district courts have the authority under

Fed.R.Civ. Pro. 26(c) to grant protective orders preventing the disclosure of confidential settlement

agreements to third persons or parties. The party seeking a protective order has the burden of

demonstrating good cause for its issuance.  *Phillips*, 307 F.3d at 1210.  "For good cause to exist,

the party seeking protection bears the burden of showing specific prejudice or harm will result if no

protective order is granted. . . . If a court finds particularized harm will result from disclosure of

information to the public, then it balances the public and private interests to decide whether a

protective order is necessary." *Id.*  In *Joe Hand Promotions, Inc. v. Rangee*, 2013 WL 685001,*4

(E.D.Cal. 2013), the plaintiff requested that the court enter a protective order allowing plaintiff to

file a confidential settlement agreement under seal, which it alleged had been breached by the

defendant.  After discussing the decisions in *Phillips, Hasbrouck* and *Kalinauskas*, the court held

1    that plaintiff failed to show good cause for the issuance of a protective order because it did not

2    show how specific prejudice or harm would result if no protective order was issued.

3         Plaintiffs have opposed Dignity's motion chiefly on the grounds that the settlements

4    between them and Conexis and Payflex are irrelevant.  Plaintiffs and Conexis, whose counsel

5    appeared at the hearing, otherwise generally rely on the fact that they have agreed to make their

6    settlement agreements confidential.  Plaintiffs and Codefendants, however, have not made any

7    showing that they will suffer specific harm or injury if the settlement agreements are disclosed to

8    Dignity.  The Court therefore finds that Plaintiffs have not shown good cause to prevent the

9    production of the settlement agreements to Dignity for use in support of its defense to Plaintiffs'

10   claim.[2]

11                                     **CONCLUSION**

12        The payments received by Plaintiffs pursuant to their settlements with Codefendants

13   Conexis and Payflex may appropriately be considered by the District Court in determining the

14   amount of the statutory damages, if any, that should be awarded against Defendant Dignity under

15   29 U.S.C. §1132(c)(1)(A).  The undersigned makes no finding, however, as to the amount of any

16   offset or reduction in the award of statutory damages that should be made based on the

17   compensation already received by Plaintiffs.  Plaintiffs and the Codefendants have not

18   demonstrated that they will suffer any specific harm or injury if the settlement agreements are

19   produced to Defendant Dignity. Accordingly,

20        **IT IS HEREBY ORDERED** that Defendant Dignity Health's Motion for Offset (#108) is

21   **granted** to the extent that Plaintiffs shall provide Defendant Dignity's counsel with copies of the

22   . . .

23   . . .

24   . . .

25   . . .

26

27        [2] It may not be necessary for Dignity to introduce the entire settlement agreements into evidence in
     this action.  The parties may, for example, enter into a stipulation that only the amounts of the settlements
28   need to be introduced at trial.  The Court invites the parties confer regarding such a stipulation.

                                          7

settlement agreements between Plaintiffs and Codefendants Conexis and Payflex within fourteen (14) days from date of this order.

DATED this 24th day of April, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

8